UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-23-HRW

BERTHA PACK,                                                               PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

CITY OF LOUISA POLICE DEPARTMENT, et al.,           DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Summary Judgment [Docket Nos. 19 and 20]. The motion has been fully briefed [Docket Nos. 21 and 22] and is ripe for decision.

**I.    Facts**

This 42 U.S.C. § 1983 action arises from an incident which occurred at Plaintiff's residence on January 18, 2004.

On that day, Defendants Officer Greg Fugitt and Officer C.S. Randall responded to a 911 call from Plaintiff's residence. Plaintiff placed the call and reported that an individual by the name of Angel Howard had hit her in the face and requested that the 911 dispatcher "send somebody over" [Deposition of Bertha Pack, pp. 29 and 30, Attachment 1 to Docket No. 9].

When the Defendants Officers Fugitt and Randall arrived at Plaintiff's residence, she invited them into her home, apologized for calling 911 and

explained that there had been a misunderstanding as she now believed that Ms. Howard had hit her accidentally [Id. at pg.40].

There is a dispute amongst the parties as to what, exactly, transpired next. Plaintiff states that one of the officers asked Ms. Howard to step outside and she refused [Id. at pg. 43]. Plaintiff testified that Officer Randall pulled her and Ms. Howard out onto the porch and Officer Fugitt twisted Plaintiff's left arm and handcuffed her, hitting her wrists with the cuffs [Id. at 44-46]. Plaintiff states that she told Officer Fugitt that her chest was hurting and that she has recently had heart surgery [Id. at 49]. As she was led to the police cruiser, she experienced a sharp pain in her chest and collapsed [Id.]. Plaintiff's son put a nitroglycerin patch under her tongue. Plaintiff recalls a discussion between the officers regarding whether she had a scar from heart surgery [Id. at 52]. According to Plaintiff, as she lay on the ground, she was searched by Officer Fugitt, wherein he proceeded to touch her breasts, squeezing in such a manner as to cause knotting and bruising to her breasts [Id. at pp. 53, 67, 157 and 160].

Although the deposition testimony of the individual Defendants has not been made part of the record, in their submissions to the Court, the Defendants deny that Officer Fugitt searched Plaintiff in any manner.

After the alleged search, Plaintiff's handcuffs were removed, she was given a blanket and an ambulance was summoned [Id. at 60]. Plaintff was taken to Three Rivers Medical Center for treatment.

Plaintiff was cited with Hindering Prosecution, Apprehension 2nd and Resisting Arrest. The charges against Plaintff were ultimately dismissed with a stipulation of probable cause.

On December 30, 2004, Plaintiff filed this civil action in Lawrence Circuit Court against the City of Louisa Police Department and Officers Fugitt and Randall. In her Complaint, she alleges excessive force in violation of the Kentucky Constitution and Amendments Four and Eight to the United States Constitution and unwanted sexual contact and discrimination. The case was removed to this Court by the Defendants on January 31, 2005 [Docket No. 1].

Defendants now seek summary judgment on all claims asserted against them.

## II. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiff. Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the Plaintiff in an effort to determine if any genuine

3

issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

**III. Analysis**

Although the caption of Plaintiff's Complaint refers to the "City of Louisa Police Department" as a Defendant, the police department is an entity *non sui juris*. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 68 (1989). *See also, Matthews v. Jones, et al.*, 35 F.3d 1046, 1049 (6th Cir. 1994). The City of Louisa is the proper party to address Plaintiff's allegations. Yet, the record in this case does not support a finding of the City's liability under 42 U.S.C. §1983.

It is well established that " municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under on a §1983 *respondeat superior* theory. *Monell v. Department of Social*

*Services of City of New York*, 436 U.S. 658, 691 (1978).  In order to maintain a claim against a municipality for an alleged constitutional violation, a plaintiff must show that an official policy or custom was the "moving force behind the constitutional violation." *Id.*

In this case, Plaintiff attempts to assess liability on the City of Louisa for its failure to adequately train its police officers.  However, in order to succeed, Plaintiff  "must prove that the training program is inadequate to the task an officer must perform;  that the inadequacy is the result of deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the [P]laintiff's injury." *Matthews*, 35 F.3d at 1049 (6th Cir. 1994), *citing City of Canton v. Harris*, 489 U.S. 378, 390-391 (1989).

The record in this case is devoid of any evidence which would show that the City either inadequately trained or inadequately supervised Defendants Fugitt and Randall.  Nor has Plaintiff adduced any evidence of a custom or practice of the constitutional violations or the sexual discrimination  she alleges.  Indeed, Plaintiff's response to Defendants' motion consists of conclusory remark that her case "raises the issue of 'deliberate indifference' to her Constitutional rights" [Docket No. 21 at pg. 7].  As such, Plaintiff's allegation of inadequate training at the hands of the City of Louisa cannot withstand Defendants' motion for summary

judgment.

The Court now turns to the claims against Officers Fugitt and Randall. The Court notes that Defendants' argument in this regard does not address the actual merits of this case. Rather, Defendants seek judgment in their favor based upon unartful pleading by the Plaintiff. Specifically, Defendants maintain that Plaintiff cannot pursue this action against Defendants Fugitt and Randall in their individual capacities as the Complaint does not specifically refer to the same.

Defendants make much of the language of the Complaint and the absence of the term "individual capacity." However, a thoughtful reading of the Complaint shows that the claims therein are of the type which are made against public employees, in their individual capacities, in the context of a § 1983 action. The Complaint focuses on the actions of the individual Officers and explicitly alleges that the force allegedly used was "in excess of the civility recognized by any ordinary, prudent police officer who is reasonably trained and supervised." This language tracks that of the defense of qualified immunity, which is applicable to public employees sued in their individual capacities. As articulated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001)., a government official cannot be held personally liable for conduct that he would not have reasonably known was unconstitutional. *Saucier*, 533 U.S. at 202. Although inartfully

worded, it is clear that Plaintiff asserts this claim at the Officers in their *individual* capacities.

Further, in her deposition, Plaintiff testifies, at length, about the actions of Defendants Fugitt and Randall without any mention of any acts or omissions on the part of the City of Louisa or its Police Department [Attachments 1-3 to Docket No. 9].

The Court is not inclined to eradicate Plaintiff's claim based solely on her counsel's failure to use the "magic words" in the caption or body of the complaint. "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim." *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988)*, citing O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). In this case, the Court finds that the requirements of notice pleading have been met. However, for the sake of clarity in the record, the Court directs Plaintiff to tender an Amended Complaint, specifying that the defendant officers are being sued in their individual capacities in order to eliminate any confusion that might exist in Defendants' mind. It is extremely doubtful in the Court's mind that any real confusion actually exists however.

As for the claims against Officers Fugitt and Randall in their official

capacities, they are, as Defendants argue, duplicative of the claims against the City of Louisa. *See Claybrook v. Burchwell*, 199 F.3d 350, 355 N.4 (6th Cir. 2000) *citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As discussed above, the claims against the City fail as a matter of law. Thus, the claims against the Officers in their official capacity are equally ill-fated.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

(1) that Defendants' Motion for Summary Judgment [Docket Nos. 19 and 20] be **SUSTAINED** insofar as it pertains to the Defendants City of Louisa Police Department, City of Louisa Kentucky and Officers Greg A. Fugitt and C.S. Randall, in their official capacities and **OVERRULED** insofar as it pertains to Defendants Greg A. Fugitt and C.S. Randall in their individual capacities;

(2) that Plaintiff has **Ten (10) Days** from the date of entry of this Order to tender an Amended Complaint; and

(3) that the **Pretrial Conference** scheduled for August 21, 2006 be **CONTINUED** pending further Orders of this Court.

This August 11, 2006.



Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge